**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, : : : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:09-cv-634 |
| : | |
| C.A. HORTON, INC., and CHARLES HORTON, : : | Judge James S. Gwin |
| : | |
| Defendants. : : | |

## JUDGMENT

Plaintiff, has filed her complaint and Defendants have agreed to the entry of this Judgment in accordance with the Stipulation between the parties filed herein. It is therefore, upon motion of the attorney for Plaintiff, and for cause shown:

**ORDERED, ADJUDGED, AND DECREED** that Defendants, their agents, servants, employees, and all persons in active concert with them, are permanently enjoined and restrained from the violating the provisions §15(a)(2) and §15(a)(5) of the Fair Labor Standards Act of 1938, hereinafter referred to as the Act, in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than forty (40) hours, unless the

employee receives compensation for his employment in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rates at which he is employed.

(2) Defendants shall not fail to make, keep and preserve records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations of the Administrator or the Secretary of Labor issued, and from time to time amended, pursuant to Section 11(c) of the Act, and found in Title 29, Chapter V, Code of Federal Regulations, Part 516.

It is **FURTHER ORDERED** that the Plaintiff recover from Defendants the total sum of $50,500, for which execution may issue, to be distributed to Defendants' employees listed in the Exhibit "A" attached hereto in the amounts set forth following each employee's name.

Defendants shall make payment to the Plaintiff for disbursement as prescribed by law.

An initial payment of $5050 shall be made to Plaintiff on December 31, 2009. The initial payment shall be made by check payable to "Labor-Wage and Hour" and shall be forwarded to Sandra B. Kramer, 881 Federal Office Building, 1240 East Ninth Street, Cleveland, Ohio 44199. Thereafter monthly payments shall be made on the last day of each month beginning January 31, 2010 and continuing on the last day of each month until paid in full. Payments shall be in the following amounts: $1000 plus interest for calendar year 2010; $1250 plus interest for calendar year 2011; and $1500 plus interest for calendar year 2012, with a final payment of $1950 plus interest. The monthly payments shall be made by check payable to "Labor-Wage and Hour" and shall be

forwarded to Wage and Hour Division, 817 Federal Office Building, 1240 East Ninth Street, Cleveland, Ohio 44199.

Any money not so distributed by the Plaintiff within a reasonable time because of Plaintiff's failure to locate the proper person or because of such person's refusal to accept such money shall be covered into the Treasury of the United States as miscellaneous receipts. The failure of the Defendants to make any payment within ten (10) business days of the due date as provided herein shall result in the balance then owing being due immediately from the Defendants. Plaintiff shall notify Defendants in writing of any payment not received prior to taking any action to collect the balance. The failure of Plaintiff upon a late payment of the Defendants, to take any action to collect the balance then owing shall not be construed as a waiver by Plaintiff of the right to do so following any future late payment.

It is further ORDERED, ADJUDGED AND DECREED that the Exhibit "A" attachment to this judgment be, and hereby is incorporated in and made a part of this Judgment.

Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return to offer to return to the Defendants or to someone else for the Defendants any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment.

It is further **ORDERED ADJUDGED AND DECREED** that no costs or disbursement are allowed.

Dated this ___16th_____ day of _____November_____, 2009.

                                        s/   James S. Gwin_____
                                        U.S. DISTRICT COURT JUDGE

| /s/Jeffrey H. Weir II_____ | /s/Sandra B. Kramer_____ |
|---|---|
| JEFFREY H. WEIR (OBN0067470) | SANDRA B. KRAMER (002071) |
| Attorney for Respondent | Sr. Trial Attorney |
| Colella & Weir, P.L.L. | U.S. Department of Labor |
| 6055 Park Square Drive | 881 Federal Office Building |
| Lorain, Ohio 44053 | 1240 East Ninth Street |
| (440) 988-9000; 988-9002 Fax | Cleveland, Ohio 44199 |
| E-mail: jhweir@cnwlaw.com | (216) 522-3876; 522-7172 Fax |
| | Kramer.Sandra@dol.gov |

OF COUNSEL:
BENJAMIN T. CHINNI
Associate Regional Solicitor